IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL CASE NO. 3:07cr267-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> vs. ) <br> ) <br> ) <br> SHEILA CLARK LEWIS. ) <br> ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter which is construed as a motion for an extension of time within which to file a notice of appeal and in the alternative, to file a motion pursuant to 28 U.S.C. §2255 [Doc. 62].

The Defendant's Judgment in a Criminal Case was entered in the Court's docket on May 19, 2009. [Doc. 53]. The time within which she must have appealed therefore began to run from that date although her sentencing hearing was held earlier. Fed.R.App.P. 4(b)(1)(A)(i) & 4(b)(6) ("A judgment ... is entered for purposes of this Rule ... when it is entered on the criminal docket."); United States v. Neal, 166 F.3d 1211 (4th Cir. 1998); Eubanks v.

1

United States, 2009 WL 1916352 (N.D.W.Va. 2009). At the time of the Defendant's sentencing, Federal Rule of Appellate Procedure 4(b) provided that in a criminal case, "a defendant's notice of appeal must be filed in the district court within 10 days after the ... entry of ... the judgment ... being appealed[.]" Fed.R.App.P. 4(b)(1)(A)(i) (2009). The Defendant's notice of appeal therefore should have been filed on or before June 2, 2009. Id.

> Rule 4 also provides in pertinent part that
>
> [u]pon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed.R.App.P. 4(b)(4).

Construing the Defendant's letter as a motion for an extension of time to file a notice of appeal, the motion should have been filed no later than July 2, 2009. United States v. Zuleta-Molina, 840 F.2d 157, 158 n.1 (1st Cir. 1988) (Three additional days for mailing not allowed because the period for appeal runs from entry of judgment not from service thereof). The Defendant's letter is dated July 4, 2010 and was postmarked July 5, 2010. Her motion for an extension of time within which to appeal is therefore more than one year late. The time periods contained within Rule 4(b) are "mandatory and

jurisdictional." United States v. Raynor, 939 F.2d 191, 197 (4th Cir. 1991). "A court may not enlarge the appeal period." United States v. Stockton, 240 Fed.Appx. 601, 601 (4th Cir. 2007) (citation omitted). "As [the Defendant's] notice of appeal was filed over [one] year[] beyond the excusable neglect period provided in Rule 4(b)(4)," the motion is untimely. Id.

The Defendant asks in the alternative that she be allowed to file a motion pursuant to 28 U.S.C. §2255. Section 2255(f)(1) of Title 28 provides that a one year period of limitation applies to a motion pursuant to §2255. Because the Defendant did not file a direct appeal, the statute provides that the period runs from the date on which the judgment of conviction becomes final. The Petitioner's conviction and sentence became final, for purposes of filing a motion pursuant to §2255, when the time for filing a direct appeal expired; that is, on June 2, 2009. United States v. Wilson, 256 F.3d 217, 221 (4th Cir. 2001), *certiorari denied* 534 U.S. 1086, 122 S.Ct. 823, 151 L.Ed.2d 705 (2002), *citing* Kapral v. United States, 166 F.3d 565, 577 (3rd Cir. 1999). This motion, filed July 9, 2010, is therefore untimely.

The Court does not construe the Defendant's letter as asking for equitable tolling of the time within which to file a motion pursuant to §2255. Her stated reason for failing to file a direct appeal, not a §2255 motion, is that

3

she was in a county jail with no access to a law library. [Doc. 62]. Assuming the same reason applied to her failure to timely file a §2255 motion, she would not be entitled to equitable tolling. That doctrine applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), *certiorari denied* 541 U.S. 905, 124 S.Ct. 1605, 158 L.Ed.2d 248 (2004). The Defendant entered into a plea agreement with the Government which contains an explicit waiver of her right to a direct appeal or to collaterally attack her conviction and sentence on any ground except ineffective assistance of counsel or prosecutorial misconduct. [Doc. 26, at 5]. She is therefore unable to show that it would "unconscionable" to enforce the limitation period. See, *e.g.*, United States v. Fredette, 191 Fed.Appx. 711, 713 (10th Cir. 2006) (even if petitioner was denied access to legal materials, he failed to show how this caused failure to file); United States v. Johnson, 2010 WL 348015 n.2 (W.D.Va. 2010) (restricted access to law library does not justify tolling), *citing* Allen v. Johnson, 602 F.Supp.2d 724 (E.D.Va. 2009) and Warren v. Kelly, 207 F.Supp.2d 6, 10 (E.D.N.Y. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's letter which is construed as a motion for an extension of time within which to file a notice of appeal [Doc. 62] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's alternative motion for leave to file a motion pursuant to 28 U.S.C. §2255 [Doc. 62] is hereby **DENIED**.

Signed: July 13, 2010

Martin Reidinger
United States District Judge